# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### DAVENPORT, IOWA

_____
)
Martina Fakuos                 )
   Plaintiff               )
)
  v.                    )           Case No. 3:18-cv-7
)
REX W. TILLERSON, Secretary,  )
   Department of State;        )
LORI SCIALABBA,         )
   Director, USCIS          )
KRISTJEN NIELSEN, Secretary,  )
   Department of Homeland Security;  )
JEFFERSON SESSIONS,      )
   Attorney General;         )
_____ )

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## MANDAMUS

NOW COMES the Plaintiff, Ms. Martina Fakuos, in the above-mentioned and numbered cause of action and would show unto the Court the following:

1. This action is brought against the Defendants to compel action on an I-129F, Petition for Alien Fiancé, properly filed by the Plaintiff. The I-129F application was filed on May 4, 2015, and was approved on July 28, 2015.
2. Plaintiff's fiancé submitted a DS-160 to the Department of State, and completed all the necessary submissions. When Plaintiff's alien fiancé attended his interview at the U.S. consulate in Egypt, he was informed his petition would be denied. Plaintiff has not received any revocation or notice of intent to revoke the approved I-129F petition.

## PARTIES

2. Plaintiff Martina Fakuos currently resides in Clinton, Iowa.

3. Plaintiff filed an I-129F Petition for Alien Fiancé on behalf of her fiancé, Antwan Nader Willian Khalaf. Plaintiff's fiancé was denied at the interview stage erroneously.

4. Defendant Rex W. Tillerson is the Secretary of State and this action is brought against him in his official capacity.  Secretary Tillerson is responsible for the administration and adjudication of immigrant visas filed abroad.  Secretary Tillerson is properly named as a Defendant because the U.S. consulate has the duty to properly process the Plaintiff's I-129F application.

5. Defendant Lori Scialabba is the Director of the U.S. Citizenship and Immigration Services ("USCIS ") and is responsible for administration of immigration benefits and services including the processing of applications for immigrant visas.  The USCIS oversees the activities of the individual Service Centers.

6. Defendant Kristjen Nielsen is the Secretary of the United States Department of Homeland Security ("DHS").  She is charged with, among other things, administering the USCIS and the implementation and enforcement of the Immigration and Nationality Act, 8 USC § 1101 *et seq.* ("INA").  As a result of this position, Secretary Nielsen has the ultimate decision-making authority over all matters alleged in this petition.  8 USC § 1103 (a)(1)-(6).

7. Defendant Jeff Sessions is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC §1103(a). USCIS is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

## JURISDICTION

8. Jurisdiction in this case is proper under 28 USC § 1361 ("Mandamus Act") and 5 USC § 551 ("Administrative Procedures Act").  Relief is requested pursuant to these statutes.

## VENUE

9. Venue is proper in this court, pursuant to 28 USC § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District of Massachusetts, where Defendants have agents.

## EXHAUSTION OF REMEDIES

10. The Plaintiff has exhausted her administrative remedies.  The Plaintiff has provided all necessary information in order for the Defendants to make a proper decision on these applications.  The Plaintiff has made many attempts to contact the Defendants, but the Defendants still failed to remedy their denial in error.

## CAUSE OF ACTION

11. The Plaintiff is a U.S. citizen.

12. On May 4, 2015, she filed an I-129F Petition for Alien Fiancé on behalf of her fiancé, Antwan Nader Willian Khalaf, who lives in Egypt.

13. On July 28, 2015, the I-129F petition was approved. Mr. Khalaf subsequently filed his DS-160 with the Department of State.

14. On February 16, 2016, Mr. Khalaf attended the interview at the U.S. Embassy in Cairo, Egypt. During the interview, he correctly stated that he and Ms. Fakuos had partaken in a religious marriage ceremony **only**.

15. The Plaintiff was notified that the Consulate was accusing the couple of marriage fraud. The Consular Staff erroneously concluded that this constituted marriage fraud by the couple. However, under Egyptian law and U.S. law, a religious marriage does **not** establish a legal marriage.

16. On or around October 3, 2016, the Plaintiff, through counsel, submitted an affidavit from Fr. Abram Hanna stating that the religious marriage ceremony he performed for Mr. Khalaf and Ms. Fakuos was strictly religious and in no way civil. The marriage was never registered in the civil registry as is wrongfully claimed in the I-129F denial.

17. On February 9, 2017, the Consular Staff contacted Plaintiff via email and wrongly reiterated that the couple was married, when in fact, no civil or legal marriage was ever completed. The Consular Staff notified Plaintiff that the petition was denied.

18. Defendants, to date, have not sent Plaintiff a decision regarding this matter. The plaintiff ought to have subsequently received a revocation or notice of intent to revoke from the Defendants.

19. Without a decision, Plaintiff is left without remedy in the matter.

20. The Defendants, in violation of the Administrative Procedures Act, 5 USC § 551 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiffs' petition and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

21. The Plaintiff has made numerous status inquiries in attempt to secure the proper adjudication of her case, all to no avail.  Accordingly, the Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

## PRAYER

22. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a)     Requiring Defendants to grant Plaintiff's I-129F Petition for Alien Fiancé;

    (b)     Awarding Plaintiff reasonable attorney's fees; and

    (c)     Granting such other relief at law and in equity as justice may require.

Date:          January 24, 2018

Respectfully submitted,

/s/ Matthew Noel
1320 11th Street NW, Ste F
Clinton, IA 52732
Phone: (563) 559-2800
BAR # 0009781

/s/ Saher Macarius
21 Walsh St.
Framingham, MA 01701
508-879-4443